IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**BRIANNA ANN SUNSHINE** aka
William Allen LaRue,

    Plaintiff,

v.                                               **CIVIL ACTION NO. 5:21-CV-164**
                                                      Judge Bailey

**SHELBY SEARLS** and **DAVID PROCTOR**,

    Defendants.

**MEMORANDUM ORDER AND OPINION**

    The plaintiff, Brianna Ann Sunshine, filed this action on September 20, 2021, under a State Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 alleging that the defendants are subjecting the plaintiff to unnecessary and wanton infliction of pain and suffering, cruel and unusual punishment, and intentionally interfering with the plaintiff's medical and mental health treatments for severe gender dysphoria. *See* [Doc. 1 at 7–8].

    The Prison Litigation Reform Act of 1995 ("PLRA") provides that a sanction shall be imposed on those prisoners who file meritless lawsuits repeatedly. The sanction is such that prisoners lose the right to proceed without prepayment of fees and costs.

    In no event shall a prisoner bring a civil rights action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which

1

relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g); *see also* ***Ashley v. E. Dilworth, CO-1***, 147 F.3d 715 (8th Cir. 1998) ("Section 1915(g) denied the installment payment method to those prisoners who have had three previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted ('three strikes')."). Consequently, "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies a prisoner leave to proceed *in forma pauperis* pursuant to the 3 strikes provision of 1915(g). The prisoner cannot simply pay the filing fee after being denied *in forma pauperis status*. He must pay the filing fee at the time he initiates the suit." ***Dupree v. Palmer***, 284 F.3d 1234, 1237 (11th Cir. 2002); *see also* ***Finley v. Doe***, 2008 WL 264-5472 (S.D. W.Va. June 30, 2008) (Johnston, J.).

The undersigned's review of PACER, the nationwide database maintained by the federal courts, indicates that at least three of the plaintiff's prior civil cases qualify as strikes under this provision. See ***LaRue v. Matheny***, 2010 WL 786246 (S.D. W.Va. Mar. 4, 2010) (Copenhaver, J.) (dismissed with prejudice for failure to state a claim upon which relief can be granted); ***LaRue v. Hustler Mag., Inc.***, 2010 WL 1379906 (S.D. W.Va. Mar. 30, 2010) (Faber, J.) (dismissed with prejudice for failure to state a claim upon which relief can be granted); ***LaRue v. Rubenstein***, 2009 WL 5217680 (S.D. W.Va. Dec. 31, 2009) (Copenhaver, J.) (dismissed with prejudice for failure to state a claim upon which relief can be granted). In addition, the plaintiff has been advised that he has three strikes for the purposes of 18 U.S.C. § 1915(g). See ***LaRue v. Ames***, Case No. 2:20-CV-00308 (S.D.

W.Va. Jan. 26, 2021) (stating the plaintiff "has previously filed at least three actions in federal court which have been dismissed as being frivolous or malicious or failure to state a claim upon which relief can be granted").

While the PLRA includes an exception to the section 1915(g) filing restriction if the prisoner is under imminent danger of serious physical injury, that exception cannot apply in this case. The plaintiff does not allege that he is in imminent danger of serious physical injury. Instead, the plaintiff alleges that various employees at the Bureau of Prisons are denying the plaintiff of adequate medical care for gender dysphoria and refusing to refer the plaintiff to surgeons for surgical consultation. Nothing in the plaintiff's Complaint raises a credible allegation of imminent danger of serious physical injury. Moreover, there is no evidence on the docket that the plaintiff paid the $402 filing fee for the above-styled case. In fact, a Notice of Deficient Pleading was filed. See [Doc. 3].

Accordingly, it is hereby **ORDERED** that the plaintiff's Motion to Proceed *in forma pauperis* [**Doc. 2**] be **DENIED**, and the plaintiff's Complaint [**Doc. 1**] is **DISMISSED WITHOUT PREJUDICE** to his right to file a new complaint along with the $402 filing fee.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Memorandum Opinion and Order to any counsel of record and to mail a copy to the *pro se* plaintiff.

DATED: September 21, 2021.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE